DECISION
This matter before the Court for decision on the Defendant's motion to suppress the breathalyzer results of a test taken by the Jamestown police on March 9, 2008. Ms. Cote was pulled over by the police for suspicion of "driving under the influence," and refused the officer's request to submit to a "preliminary breath test." Despite her refusal, she was subsequently subjected to a breathalyzer test at the police station which test yielded sequential readings of .127 and .125 BAC. The Defendant argues that her initial refusal of the preliminary test precluded the subsequent test per G.L. 1956 § 31-27-2.1 which directs that no test ("none shall be given") can be administered after the arrestee's preliminary refusal.
The State perceives no such impediment, and argues that the Defendant's position would "effect an absurd result; namely, every time a DUI suspect refused to submit to a preliminary test, officers would be unable to subsequently ask them to perform a breathalyzer test." (State's Memo. 2.)
Section § 37-27-2.1 provides in subsection (a) that "if a person having been placed under arrest refuses to submit to the tests, as provided in § 37-27-2, as amended, none shall be given. . . ." (emphasis supplied.)
In State v. DiStefano, 764 A.2d 1156 (R.I. 2000), our Supreme Court observed that
 "in the same year [the General Assembly] enacted § 31-27-2.2, [it] also enacted a new subsection, § 31-27-2.3, entitled "Revocation of license upon refusal to *Page 2 submit to preliminary breath test." (emphasis supplied.) This section, which is positioned beside § 31-27-2.2, provides that when a law enforcement officer has reason to believe that a person is driving or has actual physical control of any motor vehicle in this state while under the influence of alcohol, the officer may require such person to submit to a preliminary breath analysis. If the results of the preliminary breath analysis are positive, then the officer may arrest the driver and proceed to take further tests pursuant to § 31-27-2.1. (emphasis supplied) . . . This statute further provides that if a person refuses to submit to this preliminary breath test, such person would be guilty of an infraction and subjected to the penalty specified in G.L. 1956 § 31-41-4, which provides for suspension of a driver's license and fines to be imposed in the Traffic Tribunal." DiStefano, 764 A.2d at 1160 (emphasis supplied.)
Even if a law enforcement officer is armed with a search warrant, theDiStefano holding mandates that no test shall given to any suspect refusing a chemical test. Upon such refusal, the "plain and unambiguous" language, "none shall give given . . . becomes operative" and precludes further testing. DiStefano, 764 A.2d at 1163. Thus, Defendant Cote's refusal extinguished the right of the officer to request and/or administer any further tests. The officer did have the right to cite the Defendant's refusal and subject her to the penalties of § 31-4.1-4, but the officer did not opt to do this.
Accordingly, Defendant Kathryn Cote's Motion to Suppress the breathalyzer results is granted.